IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORDAN D. OSBORNE,

                Plaintiff,

v.

SZYMANSKI AND LYNCH,

                Defendants.

OPINION & ORDER

13-cv-881-jdp[1]

---

In this case, pro se plaintiff Jordan Osborne, a prisoner currently incarcerated at the Waupun Correctional Institution, is proceeding on claims that defendants John Szymanski and Patrick Lynch violated his Eighth Amendment rights by failing to protect him from another inmate's attack while plaintiff was incarcerated at the Stanley Correctional Institution. Currently before the court is defendants' unopposed motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies.[2] Because plaintiff has not responded to defendant's factual assertions made in support of their motion for summary judgment, I will accept these facts as undisputed. Fed. R. Civ. P. 56(e)(2). After considering defendant's undisputed facts, I conclude that plaintiff failed to exhaust his administrative remedies before filing this lawsuit, so the case must be dismissed without prejudice.

UNDISPUTED FACTS

The following facts are taken from defendants' proposed findings of fact and the court's March 5, 2014 screening order, Dkt. 5.

---

[1] This case was reassigned to me pursuant to a May 19, 2014 administrative order. Dkt. 12.

[2] Defendants have also filed a "renewed" motion for summary judgment, Dkt. 19, noting plaintiff's failure to oppose the earlier summary judgment motion but not adding any further proposed findings of fact. That motion will be denied as duplicative.

Plaintiff's claims arise from an incident on March 14, 2013; plaintiff alleged that on this date, another inmate who was a known security risk poured scalding water on him while he was asleep. A search of plaintiff's inmate grievance history shows that he filed two grievances on April 11, 2013 about the incident. The grievances were not accepted for filing. Rather, Institution Complaint Examiner Office Operations Associate Carol Kelnhofer returned them to plaintiff the next day. In the memo accompanying the returned grievances, Kelnhofer stated that plaintiff must first "attempt to resolve the issue by contacting Deputy Warden, Mr. Canziani-Chain of Command [DOC 310.09(4)]." Dkt. 17-2, at 1. Wisconsin Administrative Code § 310.09(4) states, "Prior to accepting the complaint, the ICE may direct the inmate to attempt to resolve the issue."

On April 22, 2013, plaintiff submitted another grievance about the incident. Plaintiff included that he was "writing now because [his] writing arm was severely burned in the incident and was in no condition to write for 4-6 weeks." Dkt. 17-3, at 8. He also stated that his eye was burned in the incident, making it harder to see. This grievance was accepted for filing and given grievance number SCI-2013-7932.

Institution Complaint Examiner Kimberly Richardson concluded that plaintiff's grievance was untimely (Wisconsin Administrative Code § 310.09(6) states that an inmate must file his grievance "within 14 calendar days after the occurrence giving rise to the complaint, except that the institution complaint examiner may accept a late complaint for good cause.") Richardson contacted the Health Services Unit to determine if plaintiff's injuries prevented him from writing. HSU staff told Richardson that they would not. On May 9, 2013, Richardson formally rejected the grievance for these reasons.

On May 30, the ICE office received plaintiff's appeal of the rejected complaint. On June 5, 2013, Reviewing Authority Jeffrey Pugh reviewed Richardson's decision and determined the

grievance was appropriately rejected by the ICE.

Between March 14, 2013 and May 2, 2013, plaintiff was housed in segregation unit B-side cell 04. On this unit, inmate grievance forms are available to inmates on the medication cart that is circulated by officers four times a day. Also, despite DOC regulations stating that inmates incapable of writing a grievance may seek assistance,[3] plaintiff never asked for such assistance or requested an extension of time.

As a result of the March 14, 2013 incident, plaintiff received a conduct report for battery and was found guilty of that charge. On March 28, 2013, plaintiff was able to sign a form meant to give inmates notice of their rights in major disciplinary hearings. On April 2, 2013, plaintiff was able to fill out an appeal form detailing the reasons he thought the finding of guilt should be overturned.

Sandra DeMars, a registered nurse who manages the Health Services Unit at the Stanley Correctional Institution, reviewed plaintiff's medical records for the time following the March 14, 2013 incident. She states that although plaintiff suffered second-degree burns to his right upper eye, nose, upper lip, first- and second-degree burns to his right arm below the elbow, and a left corneal abrasion, plaintiff "should have had no problems using his right hand as a result of the burns on his right hand and forearm." I further understand DeMars's summary of the medical records to show that plaintiff's vision was not severely hampered by his injuries and that he stopped complaining about vision problems shortly after the incident.

---

[3] Wisconsin Administrative Code § DOC 310.09(7) states, "The department shall not exclude impaired, handicapped or illiterate inmates from full participation in the ICRS. If an inmate is unable to write a complaint, the inmate may seek assistance in doing so."

ANALYSIS

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). Although plaintiff did not respond to defendants' motion, defendants must still carry their burden to show that summary judgment is appropriate. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) ("Even if the opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only *if appropriate*—that is, if the motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.") (emphasis in original) (internal citations and quotations omitted).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The purpose of administrative exhaustion is not to protect the rights of officers, but to give prison officials a chance to resolve the complaint without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision. Wis. Admin. Code §§ DOC 310.07 (laying out four-step process for inmate grievance review system) and DOC 310.09 (setting rules for content and timing of grievances). Failure to follow these rules may require dismissal of the prisoner's case. *Perez*, 182 F.3d at 535. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that a plaintiff failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

After considering the facts adduced by defendants, I conclude that they have carried their burden. They argue that plaintiff failed to exhaust his administrative remedies because he failed to meet DOC regulations by filing a grievance within 14 days of the incident. Plaintiff did not respond to defendants' motion for summary judgment and thus makes no attempt to dispute defendants' argument, but defendants themselves address the argument plaintiff raised

5

in his April 22, 2013 grievance—that he was too injured from the attack to submit a grievance right away, so the administrative procedures were not "available" to him.[4] However, defendants submit undisputed evidence—DeMars's expert medical testimony and plaintiff's handwritten disciplinary appeal—showing that plaintiff *was* physically able to file a grievance well before he submitted his initial grievances on April 11, 2013. Moreover, even if plaintiff had been physically incapable of submitting a grievance himself, he could have requested an extension of the deadline or asked for assistance in filling out his grievance, neither of which he did. Therefore, plaintiff did not have "good cause" under the DOC regulations to file his late grievances. Because plaintiff failed to file a timely grievance under DOC rules, this case must be dismissed. Although plaintiff will not likely be able to cure the exhaustion problem, the dismissal is nevertheless without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that:

1. Defendants John Szymanski and Patrick Lynch's motion for summary judgment based on plaintiff's failure to properly exhaust his administrative remedies, Dkt. 13, is GRANTED. This case is DISMISSED without prejudice.

2. Defendants' renewed motion for summary judgment, Dkt. 19, is DENIED as duplicative.

---

[4] In the argument section of their brief, defendants do not explicitly discuss plaintiff's twin April 11, 2013 grievances that were not even accepted for filing. However, DOC regulations make clear that plaintiff violated DOC regulations by not first attempting to informally resolve the problem by raising it with the deputy warden. In any case, as with plaintiff's April 22, 2013 grievance, the April 11, 2013 grievances could also have been denied as untimely.

3.     The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 7th day of January, 2015.

                      BY THE COURT:

                      /s/
                      JAMES D. PETERSON
                      District Judge